UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES D. MAJORS,

        Petitioner,        CIV. S-99-0493 MCE PAN

    v.

                                    DEATH PENALTY CASE

STEVE ORNOSKI, Acting Warden
of the California State Prison
at San Quentin,                            ORDER AFTER IN
                                            CAMERA REVIEW
        Respondent.

-o0o-

       March 3, 2005, respondent moved to quash subpoenas petitioner served on law enforcement agencies. April 18, 2005, the court ruled on the motion and issued an order requiring law enforcement agencies that participated in the investigation of the January 26, 1989, murders of Thomas Probst, Jeanine Copeland and Patrick Mungavin to provide petitioner access to all records pertaining to their investigation.

       Under that order, the Sacramento County District Attorney's office permitted petitioner access to numerous

1 documents but withheld some documents on the grounds of work-
2 product privilege or that their release was not within the scope
3 of the court's April 18, 2005, order.  See August 8, 2005, letter
4 attached as Exh. 1 to October 14, 2005, motion to compel, listing
5 withheld items 1-16 (August 8, 2005, letter).

6      October 14, 2005, petitioner moved to compel access to
7 the withheld documents; the parties subsequently stipulated the
8 court should review, in camera, documents for which discovery is
9 contested.  November 22, 2005, respondent submitted for in camera
10 review items 3, 6, 7, 8, 9, 11, 14, 15 and 16 listed in the
11 August 8, 2005, letter.  Contested material primarily consists of
12 prosecutor O'Mara's handwritten notes on copies of materials
13 (interview reports, jury questionnaires, preliminary hearing
14 transcripts, etc.) already produced to petitioner.

15      Having reviewed the material, the court finds none of it
16 need be disclosed to petitioner.  In a habeas proceeding, a judge
17 upon a showing of "good cause" may authorize a petitioner or his
18 counsel to conduct discovery pursuant to the Federal rules of
19 Civil procedure and "may limit the extent of discovery."  Rule
20 6(a), Rules governing section 2254 Cases.  Good cause is shown
21 "where specific allegations before the court show reason to
22 believe that the petition may, if the facts are fully developed,
23 be able to demonstrate that he is . . . entitled to relief."
24 Bracy v. Gramley, 520 U.S. 899, 908-09 (1997); see also Pham v.
25 Terhune, 400 F.3d 740, 743 (9th Cir. 2005).  Petitioner need not
26 demonstrate he will prevail on the claim underlying his discovery

request.  <u>Bracy</u>, 520 U.S. at 909; <u>Pham</u>, 400 F.3d at 743.  Rather, discovery is appropriate if the proposed discovery is "essential" to fully develop petitioner's underlying claims.  <u>Jones v. Wood</u>, 114 F.3d 1002, 1009 (9th Cir. 1997).  None of the material withheld is "essential" for the full development of petitioner's claims.  It would not help petitioner's case.

       Accordingly, the court hereby orders that:

       1.  Petitioner's motion to compel access to materials withheld as listed in the August 8, 2005, letter is denied.

       2.  Counsel for respondent shall contact my courtroom deputy to arrange for return of the materials submitted for in camera review.

       Dated:  November 28, 2005.

                     /s/ Peter A. Nowinski
                     PETER A. NOWINSKI
                     Magistrate Judge