UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES D. MAJORS,

        Petitioner,

   v.

STEVEN W. ORNOSKI, Acting Warden of the California State Prison at San Quentin,

        Respondent.

NO. CIV. S 99-0493 MCE PAN

**ORDER**

----oo0oo----

In bringing the present request for reconsideration, Petitioner James D. Majors ("Petitioner") asks this Court to reverse, in part, a November 23, 2005 Order issued by Magistrate Judge Peter A. Nowinski (hereinafter "Magistrate Judge") in this capital habeas corpus case. In that Order, the Magistrate Judge denied, in part, Petitioner's Motion to Compel additional discovery. The Court entertained oral argument on Petitioner's reconsideration request on December 7, 2005. Petitioner was represented by Allison Claire and by Richard C. Neuhoff, who appeared telephonically. Daniel B. Bernstein appeared for

Respondent Ornoski.  The Court took the matter under submission at the close of the hearing and now denies Petitioner's Motion as set forth below.

Petitioner's Motion for Reconsideration revolves around two major areas of proposed discovery.  Petitioner first seeks discovery of materials pertaining to Bonnie Hogue, a witness who testified at his trial, prior to Ms. Hogue's deposition, which was set by the Magistrate Judge for December 13, 2005.  Secondly, Petitioner reiterates his request for extensive background information pertaining to two trial jurors, Herbert Swafford and Maria DiBenedetto.  Petitioner asks this Court to revisit the Magistrate Judge's ruling as to those issues.

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 72-303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).[1]  Under this standard, the Court must accept the Magistrate Judge's decision unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Products of Calif., Inc. v. Construction Laborers Pension Trust for So. Calif., 508 U.S. 602, 622 (1993).  If the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Similarly, 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."

2

would have weighed the evidence differently.  <u>Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc.</u>, 104 F.3d 1137, 1141 (9th Cir. 1997).

    The Magistrate Judge did not deny Petitioner's request for additional discovery pertaining to Bonnie Hogue, but instead deferred any ruling on the propriety of that discovery until after Ms. Hogue's scheduled deposition.  Petitioner argues that the Magistrate Judge abused his discretion in refusing to authorize additional discovery prior to Ms. Hogue's deposition, aimed at establishing through circumstantial evidence that her trial testimony was unreliable and/or untrue.  Given new evidence, in the form of a declaration from Ms. Hogue's sister, Susan Riley, that Bonnie Hogue lied throughout her trial testimony, the Magistrate Judge initially ordered that Hogue and Riley be deposed forthwith to ascertan whether the untruth of Bonnie Hogue's testimony could be established through those depositions alone without resorting to additional indirect means of casting doubt on her veracity.

    After reviewing the evidence, this Court cannot say that the Magistrate Judge's decision as to the Hogue discovery was clearly erroneous as that standard has been defined above. The Magistrate Judge did not deny Petitioner's additional discovery requests, but instead simply deferred ruling on them for a short period of time, until after the Hogue and Riley depositions are conducted on December 13, 2005.  While this procedure may well depart from customary practice in permitting counsel to dictate the pace of discovery, the Magistrate Judge's decision to exercise control over the pace and manner of

discovery does not amount to clear error, as Petitioner's counsel would appear to suggest.  In addition, Petitioner' counsel has not shown that a deferral of discovery will impact Petitioner's ability to present information to the California Supreme Court in advance of the January 12, 2006 date now set for Petitioner's reply to the state court proceedings, given counsel's admission, at the time of oral argument on this matter, that such discovery in advance of deposition would consume up to sixty days. Moreover, as pointed out by counsel for Respondent, Petitioner has already obtained substantial background information on Ms. Hogue in any event, both through review of the Sacramento County District Attorney's files in this matter and through independent investigation.  Finally, Petitioner has not demonstrated that he would be unable to again depose Ms. Hogue and/or Ms. Riley following the receipt of additional discovery should it be necessary to do so.

With respect to discovery pertaining to the two jurors, the Magistrate Judge provided federal rap sheets to counsel which detailed the criminal backgrounds of both Swafford and DiBenedetto.  The additional discovery proposed by Petitioner, while cumbersome and potentially time consuming, does not add to the fundamental fact that both jurors had backgrounds not disclosed in the course of trial voir dire.  Hence the Court cannot conclude that the Magistrate Judge's decision, which

//
//
//
//

apparently disallowed additional juror discovery as not essential to Petitioner's case at this time, was in clear error.

Consequently, for all the foregoing reasons, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED: December 9, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE