IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DAVID MAJORS,

    Petitioner,

    vs.

WARDEN,
 San Quentin State Prison,

    Respondent.

/

No. 2:99-cv-00493 MCE KJN

DEATH PENALTY CASE

ORDER

Presently before the court is petitioner's motion to excuse exhaustion. (Dkt. No. 144.) The court heard this matter on its law and motion calendar on March 18, 2010. Assistant Federal Defender Allison Claire appeared for petitioner. Deputy Attorney General Daniel Bernstein appeared for respondent. After considering the parties' briefs and arguments, the court denies petitioner's motion for the reasons that follow.

Petitioner argues the California Supreme Court's to date four-year delay in deciding petitioner's third state habeas corpus petition is excessive and unjustified.[1] Petitioner

---

[1] Petitioner filed his third state habeas corpus petition on June 27, 2003, and an informal reply on March 20, 2006. (In re James D. Majors, No. S117112). Other than the denial of petitioner's June 1, 2007 Motion for a Prompt Decision, the California Supreme Court has taken no apparent action in that proceeding since March 2006.

1

adds that the California Supreme Court's record of delay in addressing capital cases provides no assurance that his petition will be resolved any time soon. Petitioner argued in his moving papers that he suffers prejudice from the delay because: (1) indefinite confinement on death row exposes petitioner to the "the severe and dehumanizing conditions of confinement under sentence of death;" (2) petitioner's medical conditions exacerbate the stress of having his claims unresolved; and (3) the passage of time diminishes petitioner's ability to prosecute his claims due to difficulty in refreshing witnesses' memories and developing exculpatory evidence. (Dkt. Nos. 144, pp. 10-12; 147, pp. 5-6.) During argument, however, petitioner's counsel asserted that because the court need not find the delay amounts to a due process violation to excuse exhaustion, it need not consider whether the delay has caused petitioner prejudice.

Petitioner is correct that the court may excuse exhaustion without finding the state court's process so ineffective that it amounts to a due process violation. Both parties rely in their papers on Coe v. Thurman, 922 F.2d 528 (9th Cir. 1990), for the due process analysis. However, the Court of Appeals in Coe analyzed the petitioner's claim in his petition that the state court's delay violated his due process rights. When the Court considered the petitioner's argument that exhaustion should be excused, it noted the unusual situation in that case: " [I]t would be meaningless to insist that petitioner exhaust his state remedies when the essence of his due process claim arises directly out of his inability to do so." Coe, 922 F.2d at 530 (internal citations and quotation omitted). The Court in Coe held: "In deciding this issue for the first time in this circuit, we now hold that since excessive delay in obtaining an appeal may constitute a due process violation, a prisoner need not fully exhaust his state remedies if the root of his complaint is his inability to do so." Id. at 530-31. Thus, the holding in Coe is limited to the unique situation in that case. Further, the Court held that exhaustion was excused when state court delay "may" violate due process. Nothing in Coe requires this court to find the state proceedings in the

present case violate petitioner's due process rights in order to excuse exhaustion.[2] Cf., Jackson v. Duckworth, 112 F.3d 878, 881 (7th Cir. 1997) ("Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief.").

The statutory basis for excusing exhaustion is 28 U.S.C. § 2254(b)(1), which provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Case law existing prior to the 1996 adoption of this statutory standard examined the issue in a similar way. In Duckworth v. Serrano, 454 U.S. 1, 3 (1981), the Court stated that exhaustion, though a matter of comity not jurisdiction, is required. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." 454 U.S. at 3.

The Court of Appeals for the Ninth Circuit has described state court delay that is "unusual," "extraordinary," or "unreasonable" as the sort of delay that renders the state corrective process "ineffective" under section 2254(b)(1). Phillips v. Vasquez, 56 F.3d 1030, 1035 (9th Cir.

---

[2] This court is aware of a few cases in which courts in this circuit have, without discussion, simply used the standards set out in Coe to determine whether or not to excuse exhaustion. See Gay v. Ayers, 262 Fed. Appx. 826, 827-28 (9th Cir. 2008); Soto v. Almager, 2008 WL 62277 (N.D. Cal. 2008). This court does not find these cases require it to analyze the issue under Coe's due process standards.

1995).  While the court in Phillips addressed a unique situation not present here,[3] other courts have held that unexplained delays of as little as one year were sufficient to excuse exhaustion. E.g., Story v. Kindt, 26 F.3d 402, 405-07 (3rd Cir. 1994) (nine-year delay) (cited with approval in Phillips, 56 F.3d at 1035); Burkett v. Cunningham, 826 F.2d 1208, 1218 (3d Cir.1987) (five-year delay) (cited with approval in Phillips, 56 F.3d at 1035); Wojtczak v. Fulcomer, 800 F.2d 353, 356 (3rd Cir. 1986) (three and a half year delay in ruling on the state habeas petition excuses exhaustion); Breazeale v. Bradley, 582 F.2d 5, 6 (5th Cir. 1978) ("Breazeale's state habeas petition has been completely dormant for over one year, and the state has offered us no reason for its torpor.  Under these circumstances, the unexplained delay requires us to say that the state remedy is ineffective."); Dozie v. Cady, 430 F.2d 637 (7th Cir. 1970) (unjustified seventeen-month delay considered inordinate and excuses exhaustion).

Besides Phillips, none of the cases cited in the prior paragraph were capital cases. The few capital cases in which courts in this circuit have considered this issue take note of the well-known fact that capital cases involve substantially lengthier briefs and records and generally take substantially longer for courts to resolve.  See Gay, 262 Fed. Appx. at 828; Hamilton v. Calderon, 134 F.3d 938, 939 (9th Cir. 1998) (delay of less than two years not "extreme delay"). There is no question that petitioner's third habeas corpus petition before the California Supreme Court is voluminous.  According to the California Supreme Court's docket, petitioner filed a 565-page state petition with twelve volumes of exhibits.  The informal reply brief is also lengthy, over 150 pages.  Ten additional volumes of exhibits, totaling 1877 pages, accompanied the reply.
////

---

[3] The court in Phillips analyzed the delay in consideration of the petitioner's guilt phase claims caused by the California Supreme Court's reversal, and subsequent retrial and appeals, of the petitioner's penalty determination.  56 F.3d at 1032-33.  Unlike the present case, the petitioner in Phillips had fully exhausted his guilt phase claims.  Id. at 1033.  Therefore, when the Court of Appeals determined federal review of the petitioner's guilt phase claims was appropriate without a final state court determination of petitioner's penalty, it was not confronting the specter of parallel state and federal proceedings on the same claims.  Id. at 1036.

Petitioner has not shown that a four-year delay in the California Supreme Court's consideration of a lengthy capital habeas petition such as this one is unusual or unjustified.[4]

It should be noted that this court has, in fact, been sensitive to the effect of delay on petitioner's ability to prosecute his claims. After filing his third state habeas petition, petitioner sought discovery under the recently enacted California Penal Code § 1504.9. The magistrate judge felt petitioner's federal habeas counsel was entitled to the law enforcement records of the investigations into the murders. He ordered law enforcement involved in the investigations to turn over all records to petitioner's counsel. (Apr. 19, 2005 Order, Dkt. No. 73.) Later, the magistrate judge ordered depositions. (Nov. 23, 2005 Order, Dkt. No. 83.) The transcripts of those depositions were submitted to the state court along with petitioner's informal reply brief. (Dkt. No. 144 at 5:18-20.) Thus, part of the reason for the voluminous nature of the filings in state court is this court's permitting the development of facts.

Finally, while petitioner may not need to establish prejudice to show the state procedure is "ineffective to protect" his rights, it is a factor taken into consideration by a number of courts. For example, in Phillips, the Court of Appeals considered the potential prejudice to the petitioner in waiting over ten years, with "no end in sight," to have his guilt phase claims considered. 56 F.3d at 1035, 1036 ("The prejudice inherent in such a delay is quite evident."). In Simmons v. Blodgett, 910 F. Supp. 1519, 1524 (W.D. Wash. 1996), aff'd, 110 F.3d 39 (9th Cir. 1997), the petitioner demonstrated specific prejudice he suffered due to the delay:

> The Court concludes that this case is one of those exceptional cases, like Phillips, where the Court must dispense with the exhaustion requirement to serve the interests of justice. Petitioner has been imprisoned for over eleven years pursuant to a conviction which is now subject to serious challenge. His entire constitutional

---

[4] The California Supreme Court addressed both of petitioner's prior state petitions promptly. In the first (No. S062533), petitioner filed his informal reply in March 2001 and the California Supreme Court denied the petition in September of the same year. In his second state habeas proceeding (No. S101360), petitioner filed the petition in October 2001 and the California Supreme Court denied it later the same month. Neither of those habeas proceedings had the sort of voluminous filings made in petitioner's third state habeas proceeding.

> claim hinges on the testimony and credibility of one witness, who is elderly, marginally competent, and in poor health. Although his state court appeal is proceeding with due speed, the parties agree that final resolution of this matter by the state courts is at least a year away. Because petitioner's ability to prove his claim continues to diminish rapidly over time, and is at risk of being lost, justice requires that his habeas petition be heard expeditiously.

Petitioner in the present case has not shown with specificity that his ability to litigate his claims has or will suffer due to the California Supreme Court's delay. If he could, the jurisprudential scales might tip in his favor.

Exhaustion is a well-established doctrine of federal habeas law based on respect for the state court's right to consider first constitutional challenges to a state conviction. If this court determined exhaustion should be excused, then petitioner would be proceeding simultaneously on the same claims in this court and in the California Supreme Court. Petitioner must make a showing greater than that made in his current motion to justify such an extreme result.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that petitioner's December 17, 2009 Motion to Lift Stay and Excuse Further Exhaustion is denied without prejudice.

DATED: March 26, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

majors excuse exh.or