IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DAVID MAJORS,

    Petitioner,                      No. 2:99-cv-00493 MCE KJN

    vs.                                DEATH PENALTY CASE

WARDEN,
 San Quentin State Prison,

    Respondent.                   <u>ORDER</u>

_____/

After the July 8, 2010 hearing on petitioner's motion for discovery, the court issued an order permitting further briefing regarding three issues: (1) whether petitioner's subpoenas seeking prosecution witness Bonnie Hogue's mental health records and those seeking records regarding Ms. Hogue and petitioner's co-defendant Mr. Reese could be more narrowly tailored; (2) whether respondent will assert procedural default bars to any claims upon which petitioner seeks discovery; and (3) if the court finds good cause for the discovery of Ms. Hogue's mental health records, whether Ms. Hogue is entitled to notice, and if so how that notice will be given. (Dkt. No. 170 at 1-2.) Respondent filed a statement regarding the first two issues and petitioner filed a response. In addition, petitioner filed a statement regarding the third issue of notice to Ms. Hogue. After considering the parties' original briefs on petitioner's May 25, 2010

1

motion for discovery (dkt. nos. 159, 166, 167), the parties' briefs in the prior discovery proceedings before Judge Nowinski (dkt. nos. 76, 77, 78, 115, 116, 117), the parties' briefs in response to the court's July 12, 2010 order (dkt. nos. 172, 173, 176), the argument of counsel at the hearing, and good cause appearing, the court finds and orders as follows.

Petitioner seeks leave to conduct discovery in three areas. First, he seeks leave to issue subpoenas to a number of mental health treatment centers, hospitals, and jail facilities in California and Nevada to discover information about prosecution witness Bonnie Hogue's mental health problems. Second, he seeks leave to issue subpoenas to law enforcement agencies seeking information that Ms. Hogue and petitioner's co-defendant Richard Reese had a pre-existing relationship. Third, he seeks information to determine whether further benefits were provided to Ms. Hogue in exchange for testifying.

Rule 6(a) of the Rules Governing § 2254 Cases states that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief...." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). Where good cause exists, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Harris, 394 U.S. at 300.

In addition to arguing good cause under Rule 6, petitioner argues that the discovery sought was essentially pre-approved by Magistrate Judge Nowinski in 2006. While petitioner's third state habeas petition was pending before the California Supreme Court, Judge Nowinski considered several discovery requests by petitioner. In 2005, he ordered disclosure of various law enforcement records, including the Sacramento County Sheriff's Department case file, to petitioner's counsel. Apr. 19, 2005 Order (Dkt. No. 73.) Later, based on the declaration

of Ms. Hogue's sister Susan Riley asserting that Hogue admitted lying at petitioner's trial, Judge Nowinski ordered in-court depositions of Hogue and Riley. Nov. 23, 2005 Order (Dkt. No. 83) at 2. Among other things, Ms. Hogue testified at her deposition that she had a history of mental health problems, which included hallucinations, suicide attempts and hospitalizations, starting when she was a teenager and continuing after petitioner's trial in 1990. (Dkt. Nos. 104 at 61-89; 118 at 34-48, 53-58.) After the depositions, petitioner renewed prior requests for discovery of information regarding Ms. Hogue's relationship to Mr. Reese, and information regarding the benefits Ms. Hogue received as a result of testifying. In addition, petitioner requested discovery of Ms. Hogue's mental health records. (Dkt. Nos. 115, 117.) Respondent opposed those requests. (Dkt. No. 116.)

Judge Nowinski denied all requests. However, he stated that he would grant the first two requests if the California Supreme Court denied petitioner further factual development without a reasoned basis for doing so:

> Comity counsels this court involve itself no further in developing the factual record at this point. However, if relief is denied in the California Supreme Court without a convincing reasoned decision explaining why further factual development is not required, this court will authorize the subpoenas for medical records and for law enforcement records implicating both Reese and Starr, to look for any clue how to resolve what respondent recognizes are irreconcilable accounts and also to assess, if Starr's testimony about her mental health is true, whether a decision to impose the death penalty should be based upon the testimony of such a person.

Feb. 8, 2006 Order (Dkt. No. 120) at 6-7. In an April 28, 2010 order, the California Supreme Court denied petitioner's third state habeas petition without explaining why further factual development was unnecessary. In re James D. Majors, No. S117112 (Dkt. No. 159-1).

While this court respects Judge Nowinski's prior analysis, it is not necessarily bound by Judge Nowinski's prior ruling. Below, the court reviews each of petitioner's requests to determine whether petitioner has established good cause for the discovery sought.

3

I. <u>Subpoenas Regarding Ms. Hogue's[1] Mental Health History</u>

According to petitioner, Ms. Hogue was a key prosecution witness at trial. Petitioner describes her testimony as follows:

> Bonnie Hogue (aka Starr) was a local prostitute who told police, and testified at trial, that she met petitioner and Robert Reese for the first time at a motel in south Sacramento shortly after the homicides, spent the night with them, witnessed their division of cash and jewelry, and spent the next day with petitioner, helping him to ship contraband back to Phoenix before seeing him off at the airport. Ms. Hogue was the sole source of evidence that Reese and Majors were together after the homicides, and was the sole witness regarding petitioner's conduct in the day or so following the crimes.

(Dkt. No. 159 at 4.) Petitioner seeks to issue twelve subpoenas to obtain information about Ms. Hogue's mental health problems. (Dkt. No. 159-2, items 1-12.) Petitioner argues Ms. Hogue's mental problems are relevant to her credibility, which is central to several claims in the amended petition: (1) claim 23 that the prosecutor committed misconduct by relying on testimony he should have known was false and that he failed to disclose impeaching material; (2) claim 2 that counsel was ineffective for failing to adequately impeach Hogue; (3) claim 20 that petitioner's conviction and sentence are unreliable because, among other things, they are based on Hogue's false testimony; and (4) claim 21 that trial errors cumulatively prejudiced petitioner. (Dkt. No. 140.)

Respondent makes numerous arguments that petitioner is not entitled to the discovery sought. Each is addressed below.

A. <u>Privilege</u>

Respondent first claims the information petitioner seeks is protected from discovery by the psychotherapist/patient privilege. As petitioner points out, respondent does not have standing to raise this issue. See <u>United States v. Schlette</u>, 842 F.2d 1574, 1583 n. 5 (9th

---

[1] According to the parties, Ms. Hogue also goes by the name Bonnie Starr.

4

1  Cir.), as amended, 854 F.2d 359 (9th Cir. 1988).  The question for this court is whether or not
2  petitioner has shown good cause for the discovery.  Once petitioner propounds the subpoenas,
3  parties with standing to raise the privilege may do so and the court will consider any privilege
4  issues at that time.

     B.  Relevance

Respondent next argues the mental health records are not relevant to petitioner's claims 23 and 2.  Until petitioner knows what sort of mental problems Ms. Hogue may have suffered before and/or during trial, it is not possible for petitioner to know whether the prosecutor or petitioner's trial counsel knew or should have known of these problems.  Petitioner need not show this discovery alone will prove his claims.  Rather petitioner shows good cause for the discovery when he shows the information sought is relevant to the subject matter of his claims and that if the facts are fully developed he "may" be entitled to relief.  Fed. R. Civ. P. 26(b)(1); Bracy, 520 U.S. at 908-09.  Further, respondent ignores the relevance of this discovery to claim 20, in which petitioner alleges that a number of factors, including Ms. Hogue's false testimony, resulted in an unreliable conviction and sentence.[2]  (Dkt. No. 140 at 525-28.)

Respondent asks that if the court finds good cause for this discovery, it should be limited to the first seven subpoenas.  According to respondent, the remaining five subpoenas would contain little, if any, information relevant to Ms. Hogue's mental health.  The court disagrees.  Subpoenas eight through ten are directed to substance abuse treatment programs which Ms. Hogue attended in the course of probation.[3]  (Dkt. No. 115 at 2.)  Given the obvious potential relationship between mental health issues and substance abuse issues, it seems likely

---

[2] The information sought may also be relevant to petitioner's claim of cumulative prejudice, claim 21.  However, the court is not convinced that a petitioner should be entitled to discovery on a claim of cumulative prejudice alone.  If he was so entitled, any trial error, regardless of its significance or basis for relief, could be raised to establish good cause for discovery.

[3] These subpoenas are directed to the John H. Jones Community Clinic, the Cache Creek Lodge, and Beamer Street, all in Woodland, California.

Ms. Hogue's mental health would have been a subject of records maintained by these facilities. Subpoenas eleven and twelve are directed to the Yolo County Juvenile Court and the county's Child Protective Services Agency. Petitioner based these requests on Ms. Hogue's statements in her deposition that she spent time in group homes as a teenager. (Dkt. No. 115 at 2-3.) Again, if the court and protective services agency have records regarding Ms. Hogue, it is reasonable to think they may include information about her mental health. The court finds petitioner has shown the information sought by subpoenas eight through twelve may be relevant to the subject matter of claims 23, 2, and 20.

    C. <u>Limitation on Time Covered by Subpoenas</u>

Respondent next attempts to limit the information sought to agencies Ms. Hogue stated she had contact with before petitioner's trial. As the court stated during the hearing, agencies Ms. Hogue had contact with after trial would likely have information regarding Ms. Hogue's mental health history prior to trial. Respondent alternatively argues that each subpoena should specifically state that it seeks "only records that make explicit reference to, or incorporate, information regarding mental health diagnoses or treatment before October 1990." Petitioner argues this would put an unreasonable burden on the custodian of records because specific dates may often not be mentioned in the recitation of Ms. Hogue's mental health history. This court agrees. Further, it is certainly possible records of treatment post October 1990 could lead to the discovery of information pre-dating trial.

    D. <u>Overbreadth</u>

Respondent next argues the subpoenas are overbroad because they seek "any and all information" that each entity may have about Ms. Hogue. The subpoenas specifically include any information the recipient may have about Ms. Hogue's "medical history and/or treatment, including communicable diseases, HIV/AIDS status, and rehabilitation (including alcohol and drug rehabilitation." They also seek any communications between the agency and "lawyers, law enforcement officers, witnesses, prosecutors, judges, probation officers, correctional officers,

1 counselors or any other individuals." (Dkt. No. 159-2, pp. 4-5.)   Petitioner argues generally that
2 medical problems may shed light on a mental health diagnosis and notes that he only seeks that
3 information from agencies and providers who addressed issues related to Ms. Hogue's mental
4 health care.  With respect to the broad scope of communications sought, petitioner repeats the
5 argument that since he is only seeking information from those who provided mental health care,
6 it is reasonable to think those communications may be relevant.

7    With respect to those subpoenas directed to mental health agencies, the court
8 agrees with petitioner that all records those facilities found important may be relevant to
9 petitioner's mental health.  However, petitioner seeks the same information from the University
10 of California Medical Center, the Yolo County Juvenile Court, and Yolo County Child Protective
11 Services.  The court finds the subpoenas overbroad with respect to these facilities.  Petitioner will
12 be permitted to propose amended subpoenas for those facilities.

13 II. <u>Subpoenas Regarding Ms. Hogue's Relationship with Mr. Reese</u>

14    Petitioner submitted declarations with the petition from a number of people who
15 indicate Ms. Hogue may have had a relationship with Mr. Reese prior to the crimes, contrary to
16 her testimony at trial. (Dkt. No. 167 at 14-15.)   Petitioner seeks to subpoena all law enforcement
17 records of both Ms. Hogue and Mr. Reese to examine further any possible relationship between
18 them. Respondent points out that petitioner has presented no credible evidence that Ms. Hogue
19 and Mr. Reese were involved in any past criminal activity together.  In his July 1 reply brief and
20 July 27 responsive statement, petitioner does not show any reason to believe Ms. Hogue and Mr.
21 Reese engaged in criminal activity together.  While the court understands that law enforcement
22 agencies should have records on both Ms. Hogue and Mr. Reese, petitioner has made a weak
23 showing that those records will show any relationship between them.  Accordingly, the court
24 grants petitioner's request to subpoena the agencies identified in item 15 for any records which
25 reference both Ms. Hogue, including any of her aliases, and Mr. Reese.  (Dkt. No 159-2, item 15;
26 Dkt. No. 115, ¶ 15.)

III. Victim/Witness Program Records

Petitioner seeks to obtain records from the Sacramento County District Attorney's Victim/Witness Assistance Program regarding benefits that may have been conferred upon Ms. Hogue, and from the District Attorney for policies for dealing with witnesses and for records of investigations into or charges filed against Ms. Hogue. Respondent argues that petitioner already had access to the District Attorney's files and that the District Attorney explained in a declaration the provision of Victim/Witness program funds for Ms. Hogue. This court agrees that the Victim/Witness program may maintain separate records regarding benefits to Ms. Hogue that are different than those contained in the District Attorney's file on petitioner's case. As stated during the hearing, the court finds good cause for petitioner to subpoena the Victim/Witness Assistance Program for records. However, petitioner has not made a sufficient showing that the benefits provided to Ms. Hogue may have violated any policies. Accordingly, the court finds petitioner has not shown good cause for issuance of the subpoena on the District Attorney's Office. If petitioner's discovery reveals additional information in support of that subpoena, he may renew his motion to serve it.

IV. Procedural Bar

Respondent's July 19 statement includes an argument that issuance of the discovery sought is premature because respondent intends to argue that claims 23 and 2 are procedurally barred. He asks the court to defer ruling on the discovery requests until any procedural bar issues are decided. Respondent is scheduled to raise any procedural bar arguments along with his answer by December 27, 2010. (Dkt. No. 170 at 2.) With respect to all these arguments, respondent ignores the fact that petitioner also claims the evidence is relevant to claim 20, that petitioner's conviction and sentence are unreliable. Respondent does not assert claim 20 is subject to a procedural bar. Further, as petitioner points out, the procedural rules respondent alleges have infrequently been held to bar federal review. (Dkt. No. 176 at 7.) Accordingly, this court will not defer a ruling on petitioner's discovery requests pending any

decision on procedural bar issues.

V. <u>Notice for Discovery of Mental Health Records</u>

Petitioner provided the court with an overview of both federal, California, and Nevada notice provisions for the release of confidential health records. Petitioner has established to this court's satisfaction that neither petitioner nor this court are required to provide Ms. Hogue with notice that her records are being sought. The federal Health Insurance Portability and Accountability Act does not require notice if the records are ordered disclosed for use in a judicial proceeding. 45 C.F.R. § 164.512 (e)(1). California's provisions on the confidentiality of medical information require the custodian of the records, not the court or party seeking them, to provide notice. Cal. Civ. Code § 1798.24. Nevada law regarding the disclosure of medical information similarly contains no requirement of notice by this court or the party serving the subpoena. <u>Humana Inc. v. District Court</u>, 110 Nev. 121, 123 (1994). However, this court's holding that notice is not required at this stage does not preclude either the custodians of those records from providing notice or the custodians or Ms. Hogue from objecting to the release of her health records.

This court recognizes that Ms. Hogue's health records are, at least in some part, confidential. Petitioner proposes issuance of a protective order for those records. Respondent does not object. By separate order, this court will adopt the protective order proposed by petitioner.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that petitioner's May 25, 2010 Motion for Discovery is granted in part and denied in part as follows:

1. Petitioner may issue the subpoenas identified as items 1, 2, 4, 5, 6, 7, 8, 9, 10, and 13 in attachment 2 to petitioner's May 25 Motion for Discovery.

2. Petitioner may amend the subpoenas identified as items 3, 11, and 12 to address the overbreadth problems described above and file a renewed request to issue them.

3. Petitioner may amend the subpoenas identified in item 15 to seek law enforcement records which refer to both Ms. Hogue and Mr. Reese and file a renewed request to issue them.

4. Petitioner's request to issue the subpoena identified in item 14 is denied without prejudice.

DATED: August 23, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

majors disc.or