IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DAVID MAJORS,

        Petitioner,                      No. 2:99-cv-00493 MCE KJN

     vs.                               DEATH PENALTY CASE

WARDEN,
 San Quentin State Prison,

        Respondent.                  ORDER

                                /

        Petitioner's motion to either strike the answer, or to strike the assertions of non-retroactivity under Teague v. Lane, 487 U.S. 288 (1989), and require a more definite statement came on for hearing on September 15, 2011, before the undersigned. Allison Claire appeared for petitioner. Richard Neuhoff appeared by telephone for petitioner. Daniel Bernstein appeared for respondent. During the hearing, the court also raised issues about scheduling. In particular, the parties were asked to consider whether it might be more efficient to address the 28 U.S.C. § 2254(d) issues prior to addressing the procedural default issues raised in respondent's motion to dismiss.

        After reviewing the parties' briefs and hearing the arguments of counsel, and good cause appearing, it is hereby ordered as follows.

1

I. <u>Specificity of the Answer</u>

Petitioner argues that respondent should be required to admit or deny each factual allegation in the petition. Petitioner cites little authority to support his position except for his reading of Rule 5 of the Rules Governing Section 2254 Cases and an appeal to the common sense notion that each party's positions should be fully set out at the beginning of the case. For the reasons stated below, petitioner's motion is denied.

Rule 5 states:

> (b) Contents: Addressing the Allegations; Stating a Bar. The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Rule 5 also requires the respondent to provide relevant state court records. Petitioner relies on the Advisory Committee Notes to Rule 5 which state:

> The answer plays an obviously important role in a habeas proceeding:
>
> "The return serves several important functions: it permits the court and the parties to uncover quickly the disputed issues; it may reveal to the petitioner's attorney grounds for release that the petitioner did not know; and it may demonstrate that the petitioner's claim is wholly without merit."
>
> Developments in the Law--Federal Habeas Corpus, 83 Harv. L. Rev. 1083, 1178 (1970).

Petitioner relies on a few cases which define, in general terms, the purpose of the answer as being to frame the issues. For example,

> A proper return by the state will contain 'factual allegations of the kind which the show cause procedure was designed to elicit, responding directly to those of the petition.' Copies of relevant state court records will normally be attached to the return. In his traverse the petitioner 'may, under oath, deny any of the facts set forth in the return or allege any other material facts.' 28 U.S.C. §2243 (1964). The record thus constituted will bring the factual issues, if any, into proper focus and provide a more satisfactory basis for determining whether an evidentiary hearing is required.

<u>Peterson v. Wilson</u>, 373 F.2d 737, 738-39 (9th Cir. 1967) (internal citations omitted); <u>see also</u>

Chavez v. Morgan, 932 F. Supp. 1152 (E.D. Wis. 1996) ("The appropriate response is an "answer" which responds to each allegation contained in the petition. . . ."). The case which most clearly supports petitioner's argument is a February 3, 1999 unpublished order in Mayfield v. Calderon, SA CV 97-3742 AHS (C.D. Cal.). (Dkt. No. 218, ex. 1.) In Mayfield, Judge Stotler held that Rule 5 required the respondent to "admit or deny the underlying factual allegations of each claim."

In opposing the motion, respondent relies primarily on Williams v. Calderon, 52 F.3d 1465 (9th Cir. 1995), and for good reason. The Court of Appeals in Williams made clear that an answer need not provide a "fact-by-fact" response to the petition.

> Williams challenges the adequacy of respondent Calderon's answer to his habeas petition, contending that because that answer failed to comply with Rule 5 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, the answer should be stricken and this case returned to the district court for the filing of a new answer. We disagree with both Williams' premise and his conclusion.
>
> When an answer to a petition is ordered pursuant to Rule 4, Rule 5 requires "[t]he answer [to] respond to the allegations of the petition." The purpose of the answer is to frame the issues in dispute, as well as to ferret out unmeritorious petitions. See Advisory Committee Notes to Rule 5. Neither Rule 5, nor the Advisory Notes, nor subsequent case law set out any further restrictions on the form of the answer, unlike Federal Rules of Civil Procedure 8(b) and 8(d), which require fact-by-fact responses.
>
> Nothing about Calderon's answer violated Rule 5. The answer responded to the petition on the merits, laying out the state's alternative view of the facts and the law. Nothing in Rule 5 prohibits the form used to frame the legal and factual issues. Moreover, to the extent that the answer failed to adequately frame the issues for the district court, any harm became irrelevant once the district court issued a final decision. If Williams has a grievance, it must be with that decision, not the filings that preceded it.

52 F.3d at 1483. Petitioner attempts to distinguish Williams by focusing on the statement in the last paragraph above that "to the extent that the answer failed to adequately frame the issues for the district court, any harm became irrelevant once the district court issued a final decision" and

3

1 by noting that the district court's decision was reviewed for an abuse of discretion. However, petitioner ignores the Court of Appeals' clear statement that "[n]othing about Calderon's answer violated Rule 5." See also Ebert v. Clarke, 320 F. Supp. 2d 902, 904 n. 4 (D. Neb. 2004) ("[T]he respondent in answering would not be required to admit or deny each of the petitioner's factual allegations.").

Petitioner's arguments rest largely on his asserted need to know which facts are at issue in order to determine what discovery he requires and what claims he will seek to develop at an evidentiary hearing. However, petitioner should not assume a right to factual development of his claims. In Cullen v. Pinholster, 131 S. Ct. 1388 (2011), the Supreme Court held that when a state court decides a habeas claim on the merits, the federal court's inquiry under section 2254(d)(1) is limited to the record before the state court. As discussed below, this court is considering ordering briefing on the section 2254(d) issues before resolving any procedural default or other issues. Any motions for discovery would, at this point, be premature. Further, to the extent petitioner is concerned that a delay in factfinding will result in the loss or degradation of evidence, petitioner is free to make a motion to preserve testimony or other appropriate motion.

Accordingly, for all of the reasons set forth above, petitioner's motion to strike the answer or for a more definite statement is denied.

II. Adequacy of Pleading Teague

The Supreme Court in Teague v. Lane, 489 U.S. 288 (1989), barred a habeas petitioner from seeking relief based on a rule announced after his conviction became final. Petitioner argues respondent must plead Teague with greater specificity. As described below, this issue is controlled by Supreme Court precedent contrary to petitioner's position.

Petitioner relies largely on the Court of Appeals' decision in Arredondo v. Ortiz, 365 F.3d 778, 781-82 (9th Cir. 2004). In Arredondo, the court set out four requirements that must be satisfied when the state "seriously wishes to press Teague upon us." 365 F.3d at 781-82.

The four requirements are: (1) respondent should identify <u>Teague</u> as an issue; (2) respondent should articulate "the new rule of constitutional law that falls within its proscription;" (3) respondent should explain "with particular reference to the appropriate universe of precedent" "why such a rule would not have been compelled by existing precedent;" and (4) respondent should show why the rule is "not within one of <u>Teague</u>'s exceptions." <u>Id.</u> at 781-82. The court in <u>Arredondo</u> considered <u>Teague</u> in the same opinion it considered the merits. Therefore, it does not appear that the court in <u>Arredondo</u> meant to describe a pleading standard, rather than a burden of proof. The other cases cited by petitioner similarly fail to support petitioner's arguments. <u>Steele v. Ayers</u>, 2010 WL 2793644 (E. D. Cal. July 14, 2010) (court strikes assertions of <u>Teague</u> from the answer after giving respondent an opportunity to further brief them), <u>adopted</u>, 2010 WL 4689570 (E.D. Cal. Nov. 10, 2010); <u>United States v. Bert</u>, 2007 WL 2500419 (E.D. Cal. Aug. 30, 2007) (state "has not even cited" <u>Teague</u>), <u>adopted</u>, 2007 WL 4145977 (E.D. Cal. Nov. 19, 2007); <u>Ayala v. Ayers</u>, 2008 WL 1787317 (S.D. Cal. Apr. 16, 2008) (court finds respondent "fails to properly develop his <u>Teague</u> argument . . . in the merits briefing"); <u>Paulino v. Castro</u>, 371 F.3d 1083, 1085 n. 2 (9th Cir. 2004) (court will not address "state's conclusory allusion to <u>Teague</u>" in the appellate brief); <u>Frazer v. South Carolina</u>, 430 F.3d 696 (4th Cir. 2005) (court could choose to ignore <u>Teague</u> problem where state did not address <u>Teague</u> issue in its opening appellate brief).

Respondent cites <u>Goeke v. Branch</u>, 514 U.S. 115 (1995), in support of his argument that mentioning <u>Teague</u> in the answer is sufficient to raise it as a defense. <u>Goeke</u> is on point. The Supreme Court in <u>Goeke</u> specifically overturned the Court of Appeals' decision that the state had waived <u>Teague</u> arguments by only mentioning them. The Court of Appeals held:

> Missouri mentions the principle only twice in its brief. In the procedural history section, Missouri states that it raised the <u>Teague</u> principle in the district court. Missouri later mentions the principle in a one-sentence footnote buried on the last page of the state's lone argument-that the district court properly rejected Branch's due process claim on the merits. Missouri did not mention the nonretroactivity principle or cite <u>Teague</u> in its statement of the

> issues on appeal, and did not develop the Teague issue with supporting argument in its brief. Under these circumstances, Missouri waived our consideration of the Teague issue.

Branch v. Turner, 37 F.3d 371, 374 (8th Cir. 1994). The Supreme Court held Teague was adequately raised:

> The State's Teague argument was preserved on this record and in the record before the Court of Appeals. In the District Court, the State argued that respondent's due process claim "is barred from litigation in federal habeas corpus unless the Court could say, as a threshold matter, that it would make its new rule of law retroactive. Teague v. Lane." In its brief on appeal, the State pointed out that it had raised the Teague issue before the District Court, see Branch, supra, at 374, and argued that if the court were to decide that a constitutional rule prohibited dismissal, "such a conclusion could not be enforced in this collateral-attack proceeding consistently with the principles set forth in Teague v. Lane, and its progeny." Confronted for the first time at oral argument with a substantive due process claim, the State reasserted that "the prohibition of Teague against Lane on the enforcement of new rules of constitutional law for the first time in a collateral attack proceeding in federal court applies with full force to this case." The next five pages of the record are devoted to the court's questions and the State's responses regarding the Teague issue.
>
> This record supports the State's position that it raised the Teague claim. The State's efforts to alert the Eighth Circuit to the Teague problem provided that court with ample opportunity to make a reasoned judgment on the issue. The State did not waive the Teague issue; it must be considered now; and it is dispositive.

514 U.S. at 117-18 (internal citations omitted).

Petitioner herein makes no attempt to distinguish Goeke. The undersigned finds that it is controlling. Accordingly, petitioner's motion to strike the Teague allegations from the answer is denied.

III. Scheduling

As discussed during the hearing, the court is considering revising the schedule for these proceedings by ordering briefing on the section 2254(d) issues before ruling on the procedural default issues raised in the motion to dismiss. The court also questioned petitioner about the necessity for filing a traverse. Petitioner stated that he does not need to file a traverse,

1  and does not intend to file one. The court concurs in this decision.

2  Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

3  1. Petitioner's May 16, 2011 Motion to Strike the Answer or to Strike the Teague
4  allegations and for a More Definite Statement (Dkt. No. 214) is denied;

5  2. On October 20, 2011, at 10:00 a.m., the undersigned will hold a status and
6  scheduling conference;

7  3. Prior to October 13, 2011, the parties shall meet and confer regarding a
8  proposed schedule of events for addressing upcoming issues, including resolution of the section
9  2254(d) standards, respondent's motion to dismiss, any motions for discovery, any motion for an
10 evidentiary hearing, and the merits of petitioner's claims. By the close of business on October
11 13, 2011, the parties shall file a joint statement describing any agreements regarding scheduling
12 these proceedings. Whether or not the parties agree that the section 2254(d) issues shall be
13 addressed next, they shall propose a briefing schedule for doing so. If the parties are unable to
14 agree on a schedule, they shall also file separate statements setting out their positions on
15 scheduling, with specific reference to the effect of Pinholster on all aspects of this proceeding.
16 DATED: September 16, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

majors mtn to strike.or