UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID MAJORS, | No.  2:99-cv-00493 MCE KJN |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| WARDEN, San Quentin State Prison, | <u>ORDER</u> |
| Respondent. | |

The state court record lodged in this proceeding includes a volume of documents, identified here as Lodged Document ("LD") 5a, which comprise petitioner's trial attorneys' requests for investigative and expert funding and related documents covered by California Penal Code § 987.9 and which are maintained under seal by the California Supreme Court.  This court requested clarification from the parties about whether information contained in those documents could be used in a publicly-filed decision or whether that information should remain sealed. (ECF No. 247.)  The parties agreed that any confidential information used by the court from LD 5a should be redacted from any publicly-filed decision.  (ECF No. 248 at 2-3.)  The parties disagree about the extent of any federal court order protecting those documents.

Petitioner moved for a protective order.  (ECF No. 250.)  After considering respondent's opposition, petitioner revised some aspects of his proposed protective order in his reply brief. (ECF No. 253.)

1

Information reflecting attorney work product or attorney/client communications is subject to protection in this court. See Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003); Riel v. Ayers, 2010 WL 3835798 (E.D. Cal. Sept. 30, 2010). The California Supreme Court released the documents to respondent during the pendency of the state habeas proceeding with the order that the documents in LD 5a "are to remain under seal and their use shall be limited solely to the pending proceeding." (LD 5a at consec. p. 1.) This limited waiver of petitioner's privileges for the purpose of considering his constitutional claims is also the basis for the protective order described in Bittaker.

The state court's protective order was limited to use of the documents during the then-pending state habeas proceeding. Because that proceeding has concluded, this court finds issuance of a federal-court protective order wise. However, this court also finds that the scope of petitioner's proposed protective order, even after some revisions, is not justified. Petitioner has shown no reason why a protective order similar to that approved by the Court of Appeals in Bittaker is not adequate to protect the information in LD 5a.

Accordingly, and good cause appearing, this court issues the following protective order for all documents contained in LD 5a:

All documents contained in the volume of the state court record lodged herein identified as Lodged Document 5a, which contains documents covered by California Penal Code § 987.9, shall be deemed to be confidential. These documents and material (hereinafter "documents") may be used only by representatives from the Office of the California Attorney General and by petitioner's counsel and representatives and only for purposes of any proceedings incident to litigating the claims presented in the petition for writ of habeas corpus pending before this Court. Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

1      IT IS SO ORDERED.

2 Dated: December 3, 2015

*[Signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Majors prot or